

FILED
DISTRICT COURT OF GUAM
NOV 14 2006
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| VAATAUSILI MARK ALAIMALO,<br><br>Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Criminal Case No. 96-00039<br><br>Civil Case Nos.  99-00106<br>03-00044<br>06-00034<br><br>**ORDER** |

This matter comes before the Court concerning the pleadings[1] Petitioner Vaatausili Mark Alaimalo ("Alaimalo") filed on October 20 and 23, 2006, respectively: 1) Motion for Relief from Judgement Pursuant to FED. R. CIV. PRO. 60(b)(4)[2]; 2) Request for a "Certificate of Innocence"; and 3) a Request to Proceed In *Forma Pauperis*.

*Motion for Relief from Judgment.* Rule 60(b)(4) authorizes relief from void judgments. A judgment is void only if the court that rendered it lacked subject matter jurisdiction, lacked jurisdiction over the parties or if the court acted in a manner inconsistent with due process. *See Tomlin v. McDaniel,* 865 F.2d 209, 210 (9th Cir.1988). Alaimalo does not make any of these allegations and instead reasserts the same *Cabaccang* argument raised in his previous pleadings that

---

[1] This is Alaimalo's third motion to reconsider and at least his fifth attempt at vacating his conviction and sentence. The Court notes that the grounds for the instant petition with respect to Alaimalo's claims pursuant to Cabaccang are virtually identical to the claims filed by him on December 15, 2003, August 22, 2005 and November 17, 2005. See Docket. Nos. 104, 116 and 124. The corresponding civil case is 03CV00044. Alaimalo's request for authorization to file a second or successive petition for relief via these same claims were previously denied by the Ninth Circuit's orders of July 15, 2004 and July 31, 2006. Accordingly Alaimalo's petitions were dismissed by this Court for lack of jurisdiction. *See* Docket Nos. 115, 120 and 127.

[2] Alaimalo's motion is entitled "Motion to re-open via Federal Rule of Civil Procedure 60(b)(4)." Docket No. 141.

were rejected by this Court and the Ninth Circuit. Further, because the factual predicate for Alaimalo's Rule 60(b) motion also states a claim for a successive § 2255 motion under 28 U.S.C. § 2255, it is more properly treated as a second or successive § 2255 motion. *See Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998). The Court finds no new legal or factual basis upon which to grant relief. Even if Alaimalo did assert a new legal or factual basis, since he has not obtained authorization from the Ninth Circuit allowing this Court to consider a successive § 2255 motion, this Court is without jurisdiction to hear his "Rule 60(b)" motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction). Accordingly, the Motion for Relief from Judgment is DENIED.

*Certificate of Innocence.* Alaimalo requests that this Court issue a "certificate of innocence" so that he might proceed with filing a civil suit pursuant to 28 U.S.C. §§ 2513 and 1495.[3] However, before such a certificate could be issued there would have to be a basis as set forth under § 2513(a).[4] There is no such basis. Alaimalo's convictions and sentence have been repeatedly affirmed by both this Court and the Ninth Circuit. This request is simply yet another attempt by Alaimalo to have this Court vacate his conviction and sentence without obtaining the requisite authorization for a successive petition from the Ninth Circuit as mandated under 28 U.S.C. §§ 2244(b)(3)(A) & 2255. Under these circumstances this Court lacks the authority or jurisdiction to issue any certificate or order in this regard. Accordingly, Alaimalo's Motion for the same is DENIED.

//

//

---

[3] The corresponding civil case number with respect to this request is 06CV00034.

[4] 28 U.S.C. § 2513(a) states in pertinent part:

> 1. His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction . . .

## CONCLUSION

Based on the aforementioned reasons, all requests for relief raised by Alaimalo are hereby DENIED.[5]

**SO ORDERED** this 13th day of November, 2006.

/s/ Frances Tydingco-Gatewood

**FRANCES TYDINGCO-GATEWOOD**
**Chief District Judge**

---

[5] The Court notes that Alaimalo also filed a motion to proceed In *Forma Pauperis*. The corresponding civil case number with respect to this request is 06CV00034. However, since the Court has denied Alaimalo's claims for lack of jurisdiction, his request in this regard is moot, and therefore dismissed.